UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANGELICA ANN CHANCELLOR,

       *Plaintiff*,

  v.

ELON MUSK, et al.,

       *Defendants*.

Civil Action No. 1:25-cv-02102 (UNA)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1 ("Compl."), and Application for Leave to Proceed *in forma pauperis* ("IFP"). The Court grants Plaintiff's IFP Application, and for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff, a resident of Chicago, sues Elon Musk, DOGE, and the Department of Treasury. *See* Compl. at 1–4. Plaintiff's Complaint is incomprehensible and does not contain any cognizable allegations. Instead, she cites repeatedly, and without explanation, to multiple federal statutes, *see id.* at 3–5, and indicates that his case is predicated on an alleged "tort and attack with a SAM (surface air missile)," *see id*. at 4; Civil Cover Sheet, ECF No. 1-1.

*Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Federal Rule 8(a) requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they

can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant Complaint falls squarely within this category, failing to establish a cognizable claim, or to establish this Court's subject matter jurisdiction.

For these reasons, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: October 17, 2025

CARL J. NICHOLS
United States District Judge

2